PEOPLE *v.* BENEDICT

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—PRELIMINARY EXAMINATION TRANSCRIPT.

The requirement that there be a factual basis for a plea of guilty does not rest solely on the plea-taking transcript where the preliminary examination record supports the plea (GCR 1963, 785.3[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—JUDGE'S INTEREST.

Trial judge did not violate the State Judicial Canons of Ethics by accepting the defendant's plea of guilty to breaking and entering a building of a wildlife conservation club with intent to commit a felony even though the trial judge was a member of the organization, where the defendant was informed of the judge's membership before the plea was accepted, the defendant stated that the disclosure had no effect on his desire to plead guilty, and the judge's membership did not in itself establish that ·the judge's personal interests were involved.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 September 7, 1971, at Lansing. (Docket No. 9034.)   Decided October 27, 1971.

Ronald D. Benedict was convicted of breaking and entering with the intent to commit a felony. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas Kizer, Jr.,* Prosecuting Attorney, and *A. John Pikkarainen,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  21 Am Jur 2d, Criminal Law § 484 *et seq.*

*Sydney L. Ruby,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and BRONSON, JJ.

PER CURIAM. Defendant Ronald D. Benedict was convicted upon a plea of guilty to the charge of breaking and entering. MCLA 1971 Cum Supp § 750.110 (Stat Ann 1971 Cum Supp § 28.305). He appeals as of right.

Defendant was present and represented by counsel at the preliminary examination. Testimony at the examination indicated that defendant broke a window of the Livingston County Wildlife Conservation Club, entered through it and proceeded to remove liquor from a storeroom inside. At arraignment on the information, defendant, represented by counsel, waived the reading of the information and stood mute. A plea of not guilty on his behalf was entered. Subsequently, defendant changed his plea to a plea of guilty to the offense charged. The record discloses that defendant was informed of his rights and was fully examined by the trial judge as to the nature of the charge, and that he voluntarily and understandingly tendered his plea of guilty.

Defendant contends that the inquiry of the trial court at the time of taking of the guilty plea failed to elicit a factual basis as to the breaking element of the crime of breaking and entering. Defendant consequently asserts that he was not properly informed of the nature of the accusation against him as required by GCR 1963, 785.3(2).

While the transcript does not specifically show an inquiry into the breaking of the window, the plea transcript does not stand alone. In *People* v. *Lown* (1971), 30 Mich App 121, 122, this Court stated:

"The testimony adduced at the preliminary examination supplies us, as it did the trial court, with the missing facts to substantiate the defendant's plea. The requirement that there be a substantial basis for the proffered plea of guilty is satisfied when it appears on the record that, upon trial, the defendant might well have been convicted."

The factual basis of defendant's plea of guilty is supported by the record of the preliminary examination.

Defendant next contends that the trial court violated Canon 29 of the State Judicial Canons of Ethics[1] in accepting a guilty plea to a crime against an organization in which the judge was a member. This contention is without merit. The fact that the trial judge was a member of the organization whose property was broken into does not in itself establish that his personal interests were involved in this matter. Furthermore, defendant was fully informed of the judge's membership before his plea of guilty was accepted.

Defendant not only failed to object, but in fact stated that the disclosure had no effect upon his desire to plead guilty. Defendant offers no authority to support his contention of error.

Affirmed.

---

[1] State Judicial Canons of Ethics 29. Self-Interest.

"A judge should abstain from performing or taking part in any judicial act in which his personal interests are involved. If he has personal litigation in the court of which he is judge, he need not resign his judgeship on that account, but he should, of course, refrain from any judicial act in such a controversy."