PEOPLE *v.* LOWN

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—PRELIMINARY EXAMINATION.

Defendant's plea of guilty was properly accepted even though a factual basis sufficient to support the conviction was not elicited at the guilty-plea proceeding where the testimony at the preliminary examination supplied the missing facts necessary to substantiate the defendant's plea.

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—STANDARD.

The requirement that there be a substantial factual basis for accepting a plea of guilty is satisfied where it appears on the record that upon trial the defendant might well have been convicted.

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 January 5, 1971, at Grand Rapids. (Docket No. 7361.) Decided January 25, 1971.

Jack Eugene Lown was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John R. Blakeslee,* Prosecuting Attorney, and *Michael J. Houlian,* Assistant Prosecuting Attorney, for the people.

*Richard L. Benedict,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: Holbrook, P. J., and McGregor and T. M. Burns, JJ.

Per Curiam. Defendant appeals from his conviction upon a plea of guilty to the charge of murder in the second degree.[1] Together with another youth, he was originally charged with murder in the first degree[2] arising out of the slaying of a man present at a club which they intended to break and enter. Following the testimony of the owner and an employee of Club 31, where the murder occurred, and the physician who treated the victim, defendant pled guilty to second-degree murder.

Defendant now maintains that the inquiry of the trial court at the guilty-plea proceeding failed to elicit a factual basis sufficient to support his conviction of the crime to which he had tendered a plea. Our review of the plea transcript confirms his contention. This transcript does not stand alone, however; the testimony adduced at the preliminary examination[3] supplies us, as it did the trial court, with the missing facts to substantiate the defendant's plea. The requirement that there be a substantial basis for the proffered plea of guilty is satisfied when it appears on the record that, upon trial, the defendant might well have been convicted. *People* v. *Bartlett* (1969), 17 Mich App 205; *People* v. *Carlisle* (1969), 19 Mich App 680. From our examination of the entire record, we find that on trial it would not be improbable that defendant

---

[1] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

[2] MCLA 1970 Cum Supp § 750.316 (Stat Ann, 1970 Curr Mat § 28.548, p. 14).

[3] The preliminary examination transcript may properly be consulted to ascertain a factual basis justifying acceptance of a guilty plea. *People* v. *Bartlett* (1969), 17 Mich App 205, 210; *People* v. *Donald T. Moore* (1970), 21 Mich App 150; *People* v. *Rufus Williams* (1970), 23 Mich App 459; *People* v. *Hinton* (1970), 27 Mich App 186; *People* v. *Medley* (1970), 27 Mich App 195.

would have been convicted of murder in the first degree and that the accepted plea of guilty was a bargained plea that may eventually reduce the period of time which this youthful offender must spend in prison.

Affirmed.