PEOPLE v. MILLER

PEOPLE v. GARY KISH

PEOPLE v. ALFRED KISH

1. CRIMINAL LAW—INCLUDED OFFENSES—INDICTMENT AND INFORMATION.

A conviction may be had of a lesser offense not charged in the information where the lesser offense is necessarily included within the greater offense charged.

2. CRIMINAL LAW—RAPE—ATTEMPTED RAPE—INCLUDED OFFENSES.

Attempted rape is, by operation of law, included in the offense of rape.

3. CRIMINAL LAW—INCLUDED OFFENSES—CHARGE—DISCRETION.

The trial judge may *sua sponte* charge on a lesser included offense even though the defendant has made no request for the charge or even though the defendant has objected to a charge on the lesser offense where there is evidence to support a conviction on the lesser included offense.

4. CRIMINAL LAW—MISTRIAL—PREJUDICE—APPEAL AND ERROR.

A mistrial should not be declared because of any mere irregularity which is not prejudicial to the defendant; an alleged error in

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  41 Am Jur 2d, Indictments and Informations § 312 *et seq.*
[2]  44 Am Jur, Rape § 26.
     41 Am Jur 2d, Indictments and Informations § 306.
[3]  53 Am Jur, Trial § 796 *et seq.*
[4]  5 Am Jur 2d, Criminal Law § 778.

the defendant's trial will not be reviewed unless the facts connected with the alleged error so appear in the record that the appellate court can see that the defendant has been prejudiced.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 November 5, 1970, at Detroit. (Docket Nos. 7,020, 7,059, and 7,362.) Decided November 30, 1970. Leave to appeal denied as to Alfred Kish January 21, 1971, and as to Miller April 13, 1971. 384 Mich 800, 826.

Richard D. Miller, Gary Kish, and Alfred Kish were convicted of the attempted rape of a female person over the age of 16 years. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*James D. O'Connell,* for defendant Miller.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant Gary Kish.

*John L. Kadela,* for defendant Alfred Kish.

Before: Lesinski, C. J., and J. H. Gillis and Beasley,* JJ.

J. H. Gillis, J. Defendants appeal their jury convictions of attempted rape of a female person over the age of 16 years. MCLA § 750.92 (Stat Ann 1962 Rev § 28.287); MCLA § 750.520 (Stat Ann 1954 Rev § 28.788). The information charged the completed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

offense; and the testimony of the complainant, if believed, established all the elements of the crime of rape, including penetration. The defendants claimed, however, that the complainant voluntarily entered their car and that she freely consented to engage in sexual intercourse. Furthermore, it was claimed that penetration never occurred.

There was testimony that defendant Miller got into the back seat of the car, removed his pants, but was unable to achieve either an erection or penetration. Defendant Gary Kish testified that he attempted to have intercourse with the complainant but was unsuccessful. Likewise, defendant Alfred Kish testified that his efforts to have sexual intercourse with the complainant were unsuccessful and that penetration did not take place. Medical testimony revealed that no sperm was found upon vaginal examination of the complainant.

Defendants' first contention is that their convictions must be reversed because the information in this case did not charge an attempt to commit, but only rape consummated. Moreover, defendants argue that on the evidence presented they could only be convicted of the completed offense, rape consummated, rather than the attempt. We are told that no evidence supports the jury's finding, implicit in its verdict, that defendants attempted to rape the complaining witness.

We need not linger long over these threshold contentions. They are wholly without merit.

" 'Conviction may be had of lesser offense not charged in information where it is necessarily included within greater offense that is charged.'

"In *People* v. *Baxter* (1928), 245 Mich 229, 232, we said:

" 'Defendant invokes the rule, operative in some jurisdictions by judicial holdings, and in others by

statute, that there can be no conviction of an attempt to commit a felony if the evidence establishes consummation of the felony. This is the rule in Illinois. *People* v. *Lardner* (1921), 300 Ill 264 (133 NE 375, 19 ALR 721). But the rule is not general, and does not prevail in this jurisdiction. If an information admits of conviction of an attempt to commit a felony, an accused may be found guilty of the attempt, though the evidence shows a completed offense. *People* v. *Miller* (1893), 96 Mich 119; *People* v. *Blanchard* (1904), 136 Mich 146. Such a verdict may be illogical, but the people cannot complain, and the defendant must accept it, even though less in measure than his just deserts; at least he cannot be heard to say that he has suffered injury.

" 'In *People* v. *Hoover* (1928), 243 Mich 534, defendant was convicted of an assault, and it was urged "that, under the proofs, defendant was either guilty of taking indecent liberties (the charge) or not guilty of any offense." We made answer: "This argument has been made before, but not with success;" citing *People* v. *Martin* (1919), 208 Mich 109; *People* v. *Garner* (1920), 211 Mich 44.'

*"The offense here charged necessarily included an attempt to commit the crime of larceny in a store, and whether followed by consummation of that purpose or not did not require that it be in a separate count in the information."* *People* v. *Bradovich* (1943), 305 Mich 329, 331, 332. (Emphasis supplied.)

In the present case the charged offense necessarily included an attempt to commit the offense. See MCLA § 768.32 (Stat Ann 1954 Rev § 28.1055). *People* v. *Webb* (1901), 127 Mich 29; see also, 2 Gillespie, Michigan Criminal Law and Procedure, § 1073, p 1461.

Since the crime of attempted rape was, by operation of law, included in the offense charged, the trial court did not err in instructing the jury that they

might find defendants guilty of attempted rape. "Where no request to charge on the lesser offense has been made but evidence exists to support a conviction of the lesser offense, the trial judge may, *sua sponte,* instruct on the lesser offense." *People* v. *Stevens* (1968), 9 Mich App 531, 534. This is true notwithstanding defense counsel's objection to such a charge. *People* v. *Milhem* (1957), 350 Mich 497. On the evidence presented, the jury could have concluded that no penetration, an essential element of the crime of rape, had occurred. Crediting complainant's testimony, except as to penetration, the jury could lawfully find defendants guilty of attempted rape. See *People* v. *Gardner* (1968), 13 Mich App 16.

During the course of trial, a pair of nylon stockings supposedly worn by the complainant on the night of the offense were displayed in open court over objection of defense counsel. The prosecution attempted to introduce these stockings in evidence, but they were withdrawn after the prosecutor discovered that he could not determine the custody thereof. A motion for mistrial on grounds of alleged prejudice was denied by the trial court. This denial is assigned as error. We find none.

In *People* v. *McDonald* (1969), 17 Mich App 88, 89, this Court on an analogous record held:

"A mistrial should not be declared in consequence of any mere irregularity which is not prejudicial to the rights of defendant. *People* v. *Qualls* (1968), 9 Mich App 689, 693. Alleged errors in the conduct of the trial will not be reviewed unless the facts connected therewith so appear in the record that the Court can see that accused has been prejudiced. *People* v. *Nick* (1960), 360 Mich 219, 229, 230."

We find no prejudice sufficient to warrant the conclusion that justice has miscarried in this case. Ac-

cordingly, we decline to interfere with the trial court's ruling. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096); GCR 1963, 529.1.

Error is assigned regarding testimony allegedly given by the prosecutor during closing argument to the jury. The trial court disposed of defense counsel's objection as follows: "Mr. Edwards [defense counsel] made a comment on the testimony and Mr. Hayes [prosecuting attorney] can make a comment on the testimony." A review of the record establishes that the prosecutor was not testifying, as alleged; he was merely making permissible comment. There was no error.

Finally, it is alleged that the trial court's charge on the presumption of innocence was prejudicially misleading. We have read the charge as a whole, *People* v. *Fred W. Thomas* (1967), 7 Mich App 519, and are satisfied that defendants' rights were fairly protected.

Affirmed.

All concurred.