PEOPLE v. MILTON

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.
   The requirement that there be a substantial factual basis for
   the proper acceptance of a plea of guilty is satisfied when it
   appears on the record that, upon trial, the defendant might
   well have been convicted (MCLA § 768.35; GCR 1963, 785.3
   [2]).

2. CRIMINAL LAW—PLEA OF GUILTY—TRUTH—WEIGHT OF EVIDENCE.
   The trial court's task in evaluating a tendered plea of guilty
   is not to weigh the evidence, but to determine that the plea is
   truthful, and that it is freely, understandingly, and volun-
   tarily made (MCLA § 768.35; GCR 1963, 785.3[2]).

Appeal from Oakland, James S. Thorburn, J.
Submitted Division 2 October 11, 1971, at Lansing.
(Docket No. 11746.)    Decided October 27, 1971.
Leave to appeal denied, 386 Mich 781.

L. B. Milton was convicted, on his plea of guilty,
of attempted felonious assault. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *William G. Wolfram,* As-
sistant Prosecuting Attorney, for the people.

*William R. Buesser,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
Court's duty to advise or admonish accused as to consequences
   of plea of guilty, or to determine that he is advised thereof.
   97 ALR2d 549.

Before: McGREGOR, P. J., and HOLBROOK and VAN
VALKENBURG,* JJ.

PER CURIAM. Defendant, charged with assault
with intent to commit murder (MCLA § 750.83 [Stat
Ann 1962 Rev § 28.278]), pleaded guilty while repre-
sented by counsel to the reduced charge of attempted
felonious assault. MCLA § 750.82 (Stat Ann 1962
Rev § 28.277) and MCLA § 750.92 (Stat Ann 1962
Rev § 28.287). Defendant was sentenced to 1–1/2 to
2 years in prison, and appeals as of right, contend-
ing that the trial court did not elicit from him a
factually sufficient basis for accepting his plea of
guilty.

The requirement that there be a substantial fac-
tual basis for the proper plea of guilty is satisfied
when it appears on the record that, upon trial, the
defendant might well have been convicted. *People
v. Lown* (1971), 30 Mich App 121, 122.

Additionally in reviewing the propriety of the
acceptance of this guilty plea by the trial court, we
have looked at the testimony taken at the prelimi-
nary examination and determine that it also shows a
factual basis for the acceptance of the guilty plea.
*People v. Zaleski* (1965), 375 Mich 71; *People v.
Lown, supra.*

While it is true that a question of fact as to de-
fendant's actual secret intent was raised which,
upon a jury trial, would have been submitted to the
jury, the record taken at the plea hearing reveals
sufficient evidence of defendant's apparent intention
to support a conviction. The trial court's task in
evaluating a tendered guilty plea is not to weigh

---

* Former circuit judge, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the evidence, but to determine that the plea is truthful, and that it is freely, understandingly, and voluntarily made.

Affirmed.