PEOPLE v RICHARD BANKS

OPINION OF THE COURT

1. CRIMINAL LAW—FELONIOUS ASSAULT—ATTEMPT—APPEAL AND ER-
   ROR—STATUTES.

   There is no offense known in law as "attempted" felonious
   assault; therefore, a defendant's conviction of "attempted" felo-
   nious assault cannot stand (MCLA 750.82, 750.92).

2. CRIMINAL LAW—FELONIOUS ASSAULT—ATTEMPT—ELEMENTS OF
   CRIME—STATUTES.

   The general attempt statute does not apply to the crime of
   felonious assault thereby creating a crime "attempted" feloni-
   ous assault, because felonious assault requires an *assault* with
   a *dangerous weapon,* and if both elements are proven the crime
   is complete and could not be an attempt; in order to constitute
   an attempt some element of the crime must be "attempted" but
   not completed (MCLA 750.82, 750.92).

DISSENT BY V. J. BRENNAN, J.

3. CRIMINAL LAW—FELONIOUS ASSAULT—ATTEMPT—APPEAL AND ER-
   ROR—FAILURE TO OBJECT—EVIDENCE.

   *A conviction of attempted felonious assault should not be re-
   versed solely on the basis that there is no such crime where the
   record clearly reveals that there was more than ample evidence
   presented to support a conviction of the greater charge, feloni-
   ous assault, and where the fact that no objection was raised to
   the charge or verdict below, would place the complaint of error
   in a nonreversible status.*

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 1 June 6,
1973, at Detroit. (Docket No. 15707.) Decided
March 5, 1974. Leave to appeal denied, 392 Mich
—.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 110–113.
   Attempt to commit assault as criminal offense, 79 ALR2d 597.

Richard Banks was convicted of attempted felonious assault. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

BRONSON, P. J. On August 5, 1972, defendant was charged with felonious assault.[1] On August 31, 1972, after a jury trial, he was convicted of "attempted" felonious assault.[2] Defendant perfected a timely appeal of right.

Early in the morning of August 4, 1972, two Detroit policemen in civilian clothes, riding in an unmarked car, were patrolling in the area of John R and Erskine Streets. The officers were flagged down by a man who complained that he had just been approached and robbed. The man pointed out his alleged assailant. The assailant was still in sight. The officers, still in their car, proceeded toward the defendant (pointed out as the robber). When they reached the defendant the officers exited their car with guns drawn. They ordered the defendant to drop his weapon. The defendant turned and raised the gun to his side—leveling it

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 750.82; MSA 28.277.

[2] Defendant was convicted under the general attempt statute, MCLA 750.92; MSA 28.287.

first at one officer, then the other. He then lowered the shotgun, threw it to the curb and hid behind a nearby trash container.

## THE ISSUE

.

*Must defendant's conviction for "attempted" felonious assault be set aside because there is no offense known in law as attempted felonious assault?*

The defendant was charged under MCLA 750.82; MSA 28.277, which reads:

"Any person who shall *assault* another *with* a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony." (Emphasis ours.)

The "crime" of attempted felonious assault became an issue just prior to the court's charge to the jury. The court asked, out of the presence of the jury, if either the people or the defendant wished instructions on lesser included offenses. The people suggested simple assault. MCLA 750.81; MSA 28.276. The court said only the "included" attempt would be charged. Defendant had no objection and the people had no objection. The court instructed on the "attempt", following language in the general attempt statute, MCLA 750.92; MSA 28.287, *supra.* The jury was charged that they could find the defendant guilty of felonious assault, "attempted" felonious assault, or not guilty. Neither the people nor the defendant had any objection to the charge as given.

The jury probably compromised on a verdict. They found the defendant guilty of "attempted"

felonious assault.[3] Although defendant may, on the facts shown, have been charged validly with several crimes, if there is no crime denominated "attempted" felonious assault, the conviction cannot stand.

The pivotal question is, does the general attempt statute apply to the crime felonious assault, thereby creating a crime "attempted" felonious assault? The relevant portion of the general attempt statute reads:

"Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, *when no express provision is made by law for the punishment of such attempt,* shall be punished as follows:" (Emphasis ours.) MCLA 750.92; MSA 28.287.

This statute applies *only* when "no express provision is made by law" for an attempt.[4] An attempt within the meaning of the statute has been described as an act immediately and directly tending to the execution of the principal crime, and committed by the defendant under such circumstances that the defendant had the power of carrying his intention into execution.[5] The principal crime, felonious assault, requires an *assault* with a *dangerous weapon.* If both elements are proven

---

[3] If we were able to conclude that the crime of "attempted" felonious assault existed then the conviction could stand even though the evidence shows a completed offense. *People v Baxter,* 245 Mich 229, 232; 222 NW 149, 150 (1928). "Such a rule may be illogical, but the people cannot complain, and the defendant must accept it, even though less in measure than his just deserts; * * * ." *Baxter, supra,* at 232. *See,* also: *People v Miller,* 28 Mich App 161; 184 NW2d 286 (1970), and *People v Pickett,* 21 Mich App 246; 175 NW2d 347 (1970).

[4] *See: People v Hall,* 28 Mich App 662, 663; 184 NW2d 742 (1970).

[5] *See generally: People v Youngs,* 122 Mich 292; 81 NW 114 (1899); *People v Coleman,* 350 Mich 268; 86 NW2d 281 (1957).

the crime is complete and could not be an attempt. If both elements are consummated the act is considered either an unlawful battery or an unlawful killing. To constitute an attempt some element of the crime must be "attempted" but not completed.

If the use of a dangerous weapon is not proven then the proper charge is simple assault. Possibly where a dangerous weapon was in reach, but never used, a semantic "attempted" felonious assault might be said to exist. But the attempt statute would not apply because the law calls this assault without a weapon a simple assault. In short, it makes "express provision" for the "attempt".

If the assault element is not proved then unlawful possession of the weapon is the proper charge. The only remaining possibility would require an *attempted assault.* On our facts the assault element of the statute would have to be attempted but not completed. Can there be an attempt to attempt? This question has been described as like conceiving of the beginning point of eternity or the starting point of infinity.[6] The argument is over with the statement of the question. If an assault is defined as a separate substantive crime with the element of present ability, then an attempt is logically possible. However, if an assault is defined as an attempted battery then the argument in favor of an attempt becomes a logical circle. The annotation in fn 6 collects the two views. We need not repeat them here. The question has been decided in *People v Patskan.*[7]

[6] *See:* Anno.: *Attempt to commit assault as criminal offense,* 79 ALR2d 597, 599.

[7] 29 Mich App 354, 357; 185 NW2d 398, 400 (1971), *rev'd* on other grounds, 387 Mich 701; 199 NW2d 458 (1972). *Cf. People v Brandon,* 46 Mich App 484; 208 NW2d 214 (1973), holding there is no such crime as attempted uttering and publishing.

*Patskan, supra,* held there can be no attempt to assault. By definition this would be an attempt to attempt or offer. *A fortiori* there can be no such crime as attempted felonious assault. It was error to charge on this offense.[8] In light of our disposition of this issue the remaining allegations of error need not be discussed. The conviction must be reversed.

Reversed and remanded.

WALSH, J., concurred.

V. J. BRENNAN, J. *(dissenting).* The defendant was charged with the crime of felonious assault on police officer William Griffin. MCLA 750.82; MSA 28.277. He was convicted of attempted felonious assault in a one-day jury trial and appeals.

Early in the morning of August 4, 1972, two police officers, while on patrol in the area of John R and Erskine Streets in the city of Detroit, were flagged down by Ross Mitchell, Jr., who complained that he had just been approached and robbed. He pointed out the defendant, who was about a half block away, as his assailant. The police thereupon approached the defendant, noticed a weapon by his side, and ordered him to drop it. Instead of complying with these directions, the defendant raised the gun to his side and leveled it first at Officer Phelsey, then at Officer Griffin. Defendant then lowered his shotgun, threw it to the curb, and hid behind a trash container.

---

[8] A corollary error is created when prosecutors accept guilty pleas to the nonexistent offense of attempted felonious assault. We are aware of *People v Milton,* 36 Mich App 702; 194 NW2d 1 (1971), but reject any intimation from this decision that a crime of attempted felonious assault exists which may be charged by the prosecutor in his discretion. In the future prosecutors must refrain from bargaining for guilty pleas to this nonexistent offense which could not be charged in the first instance.

At the trial, Officer Griffin identified people's exhibit 1 as the sawed-off 12-gauge shotgun held by the defendant. He also identified three shells taken from the gun and three shells taken from the defendant's pocket.

Defendant presented no witnesses.

The trial judge informed both the defense and prosecuting attorneys that the jury would be instructed on attempt. Neither objected. The instructions were given and the jury charged that they could find the defendant guilty of felonious assault, attempted felonious assault, or not guilty. Again, neither objected. The jury found defendant guilty of attempted felonious assault.

My colleagues say that defendant's conviction must be reversed because there is no such crime as attempted felonious assault. I respectfully disagree with this position. The record in this case clearly reveals that there was more than ample evidence presented to support a conviction of the greater charge, felonious assault. The defendant was identified by the police as the man holding the weapon. After being ordered to stop by the police and to drop his weapon, the defendant turned toward the officers and leveled his shotgun at them. He then dropped it behind a trash receptacle while retreating. Who is to say whether the jury's verdict was the product of a compromise or not? One thing is certain, however, the defendant definitely received a break getting the lesser verdict.

I see no harm in allowing this conviction to stand. No objection was raised by the defendant or his counsel to the lesser included charge nor did they object to the verdict. Defendant, in all respects, received a fair trial.

Other jurisdictions which have considered the issue decided by my colleagues have reached vary-

ing conclusions. See 1 Wharton's Criminal Law and Procedure (Anderson ed 1957) § 72; Perkins, *An Analysis of Assault and Attempts to Assault,* 47 Minn L Rev 71 (1962). Prudence demands that in the future trial courts should refrain from charging on an attempted assault situation. To reverse this conviction solely on that basis, however, seems entirely unnecessary. The overwhelming nature of the evidence presented at the trial together with the fact that no objection was raised to the charge or verdict below would place this complaint of error in a nonreversible status.

Therefore, I would affirm.