PEOPLE v LeBLANC

Docket No. 58310. Submitted June 17, 1982, at Detroit.—Decided October 7, 1982.

Linda A. LeBlanc was charged with felonious assault and as a result of a plea bargain pled guilty but mentally ill to a charge of attempted felonious assault, Wayne Circuit Court, Richard D. Dunn, J. Defendant appeals, alleging that the trial court erred by accepting a guilty plea to a nonexistent crime, by imposing sentence without an up-to-date presentence report, and by disposing of another charge against the defendant in the same proceeding. *Held:*

1. Although the crime of attempted felonious assault is a nonexistent one it was not error requiring reversal to accept the defendant's guilty plea to such a charge. The defendant freely tendered the plea pursuant to a plea bargain. The defendant received the benefit of the bargain; any detriment runs to the people. No prejudice is shown.

2. The record shows that the trial court did use a current presentence report when imposing sentence.

3. The record is insufficient for appellate review of defendant's claim that the trial court erroneously disposed of another charge against defendant in the same proceeding. The matter is remanded for further proceedings regarding the sentence for the other charge.

Affirmed, but remanded.

D. C. RILEY, J., concurred with the result and would hold that no error occurred in accepting the defendant's plea to a charge of attempted felonious assault. One can be convicted of attempted assault, without violation of law or logic, where the assaultive conduct consists of intentionally placing another in fear, as opposed to an attempted battery.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 6 Am Jur 2d, Assault and Battery § 10.

[1] 21 Am Jur 2d, Criminal Law § 490.

[1, 3] Attempt to commit crime as criminal offense. 79 ALR2d 553.

[2] 21 Am Jur 2d, Criminal Law § 527.

Opinion of the Court

1. Assault and Battery — Attempted Felonious Assault — Guilty Pleas.

   A charge of attempted felonious assault, a nonexistent crime, is improper; however, no error requiring reversal occurred where a defendant, who was charged with felonious assault, pled guilty to attempted felonious assault as part of a plea bargain and where no prejudice is shown because any detriment from such a bargain runs to the people and the benefit of the bargain runs to the defendant.

2. Criminal Law — Sentencing — Presentence Report.

   A sentence for a felony may be imposed only after the court has reviewed a current presentence report; this requirement cannot be waived.

Concurrence by D. C. Riley, J.

3. Assault and Battery — Attempted Felonious Assault.

   It is not improper to charge a defendant with attempted felonious assault where the assaultive conduct consisted of intentionally placing another in fear, and not an attempted battery.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey W. Caminsky,* Assistant Prosecuting Attorney, for the people.

*Odette & Prendeville* (by *Mark T. Prendeville),* for defendant on appeal.

Before: V. J. Brennan, P.J., and D. C. Riley and V. R. Payant,* JJ.

Per Curiam. Defendant was charged with felonious assault, MCL 750.82; MSA 28.277. The information charged the defendant with making threats to a police officer with a pocket knife. At an arraignment before the circuit judge, a plea bargain was put on the record whereby defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was permitted to offer a plea of guilty but mentally ill to a charge of attempted felonious assault.

The guilty plea was accepted and the defendant was sentenced to a term of 1 to 2 years with the Michigan Corrections Commission, the prison commitment to include the mental health services required by the conviction of guilty but mentally ill statute. From this conviction and sentence, defendant appeals of right.

Three issues are raised in her appeal. First, defendant claims the court erred in accepting a guilty plea to a charge of attempted felonious assault.

She relies on *People v Richard Banks*, 51 Mich App 685; 216 NW2d 461 (1974). In *Banks*, this Court held that there can be no attempt to assault and that it was reversible error to charge a jury with such a "crime".

While not an issue in the *Banks* case, the Court, in a footnote, suggested:

"A corollary error is created when prosecutors accept guilty pleas to the nonexistent offense of attempted felonious assault. We are aware of *People v Milton*, 36 Mich App 702; 194 NW2d 1 (1971), but reject any intimation from this decision that a crime of attempted felonious assault exists which may be charged by the prosecutor in his discretion. In the future prosecutors must refrain from bargaining for guilty pleas to this nonexistent offense which could not be charged in the first instance." *Id.,* p 690, fn 8.

Dissenting from his colleagues in *Banks,* Judge BRENNAN stated at page 692: "Prudence demands that in the future trial courts should refrain from charging on an attempted assault situation."

In the instant case, the prosecutor disregarded the advice of *Banks* and the trial court proceeded

to accept a guilty plea to the charge agreed upon between the prosecution and defense. The issue here is whether this constituted reversible error.

We hold that it was not reversible error. Unlike the case here, Richard Banks was convicted at a jury trial in which the charges of felonious assault and of attempted felonious assault were submitted to the jury. Here, defendant freely tendered a guilty plea, pursuant to a plea bargain. Hence, the cases, despite the admonitions found in the dicta in *People v Banks,* are simply not comparable.

More on point is *People v Hooper,* 58 Mich App 132; 227 NW2d 250 (1975), in which the defendant pled guilty to a bargained-for charge of attempted uttering and publishing. In response to defendant Hooper's claim of reversible error because the trial court accepted his plea to "an offense not proscribed by law", this Court stated at pages 133-134:

"First, the contention should be, and we hope is, consigned to oblivion. The idea that one who makes a bargain for his own benefit can be released from that bargain because what he bargained for is a non-existent crime is repugnant to any sense of justice, fairness and common sense. If the language, 'shall affirmatively appear that the error complained of has resulted in a miscarriage of justice', of MCLA 769.26; MSA 28.1096 has any meaning left, it surely applies to the contention now before us, and we so hold."

While we do not retreat from disapproval of such made-for-bargain charges, any detriment runs to the people and the benefit runs to the defendant. Defendants should not complain when they receive precisely what they bargained for. No prejudice is shown and no reversible error is found.

The second issue on appeal is a claim that the trial judge imposed sentence without an up-to-date

presentence report. Plaintiff is correct that a felony sentence is to be imposed only after the judge has reviewed a current presentence report and that the requirement cannot be waived. *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974); *People v McDonald,* 99 Mich App 150; 297 NW2d 639 (1980).

Contrary to defendant's claim, however, the record clearly shows that the trial judge did use a current presentence report. The trial judge stated:

"I am in receipt of a probation report on another matter which is updated, and with your consent, Mr. Yura, I can impose sentence in both cases."

Defense counsel responded:

"I've had the opportunity to read that report, and I'm satisfied with it, your Honor."

Thus, compliance with the requirement concerning presentence reports is shown.

The final issue on appeal is that the court erred in disposing of another charge against the defendant, attempted burning of personal property over $100, in the same proceeding.

The record indicates that the clerk called two cases involving the defendant, Docket Nos. 80-045 033-FZ and 81-103 936-FA. It was to the latter charge, felonious assault, that the court accepted the plea to attempted felonious assault on June 15, 1981.

The only references in the record to the attempted burning charge are the trial court's reference to the updated probation report "on another matter" and the indication that the sentences it imposed will run concurrently.

It is not clear from the record whether the attempted burning charge was before the court for arraignment, sentencing on the basis of an earlier conviction, or was a probation violation matter. Without such information, appellate review is not possible.

This matter is affirmed as to defendant's attempted felonious assault conviction. It is remanded to the trial court for further proceedings to complete the record regarding the sentence for attempted burning.

We retain no jurisdiction.

D. C. RILEY, J. *(concurring).* With respect to defendant's claim that the trial court erred in accepting her plea of guilty to a "nonexistent offense", I concur in the result reached by the majority but write separately in an effort to clarify the confusion surrounding *People v Banks,* 51 Mich App 685; 216 NW2d 461 (1974), and its progeny.

The cases which have ruled that attempted assault is a nonexistent offense are based upon the view that an assault is, by definition, an attempted battery. These cases reason that there can be no attempt to attempt. This reasoning ignores the fact that an assault can also be a separate substantive crime involving acts that go beyond a mere attempt. This point was brought sharply into focus in the following annotation:

"Whether or not there can be a distinct offense of an attempt to commit an assault depends, from the logical standpoint, on what an assault is regarded as being. If an assault is an 'attempt' to do something, the contention can be made that there can be no 'attempt to attempt', but if an assault is regarded as simply putting a person in fear of his life or of personal injury, per-

haps there can, from the philosophical standpoint, be an attempt at an assault." Anno: *Attempt to commit assault as criminal offense,* 79 ALR2d 597, 598.

A review of the facts of this case reveals that the defendant's actions, of waving a closed pocket-knife at a passenger in a passing car in an attempt to keep that passenger away, fall within the latter category. Therefore, the line of cases holding that attempted assault is a nonexistent offense are not applicable and I would affirm defendant's conviction.

Having stated that there was no error in charging defendant with attempted felonious assault, I need not address the issue of whether a defendant who pleads guilty to a "nonexistent" offense can be heard to attack the propriety of his conviction.

Finally, as the record is not clear to me as to whether the "updated" presentence report contained all of the information required by MCL 771.14; MSA 28.1144, on remand as ordered by the majority I would instruct the trial court to resentence after consideration of a complete and updated presentence report.