PEOPLE v ETCHISON

Docket No. 55572. Submitted August 3, 1982, at Grand Rapids.—
Decided February 24, 1983. Leave to appeal denied, 417 Mich
1100.14.

Gregory J. Etchison was convicted of first-degree murder, assault
with intent to commit murder, and felony-firearm, Calhoun
Circuit Court, Paul Nicolich, J. Defendant appeals, alleging the
improper admission of rebuttal testimony which did not di-
rectly contradict the testimony of an earlier witness, that the
prosecutor's misstatement regarding some evidence during clos-
ing argument requires reversal, and that the trial court erred
in refusing to instruct the jury on attempted felony-firearm and
attempted assault with intent to commit murder. *Held:*

1. The prosecutor elicited testimony from a witness on rebut-
tal which did not contradict testimony of a defense witness, and
later used the alleged inconsistency to impeach the credibility
of the defense witness. Admission of this testimony was im-
proper. It was not error requiring reversal, however, because
admission of the testimony did not result in a miscarriage of
justice.

2. The prosecutor's misstatement regarding the identification
of defendant at a lineup was harmless error under the circum-
stances herein.

3. There is no such offense as attempted felony-firearm.
Therefore, the trial court did not err in refusing to instruct the
jury on such an offense.

4. An attempt to assault with intent to commit murder would
be an attempt to attempt, since assault with intent to commit
murder is, by definition, an attempted battery. The trial court
did not err by refusing to instruct the jury on such an offense.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses § 597.

[2] 5 Am Jur 2d, Appeal and Error § 717.

[3] 5 Am Jur 2d, Appeal and Error §§ 624, 625.

[4, 6] 75 Am Jur 2d, Trial § 710.

[5] 21 Am Jur 2d, Criminal Law § 158.

[6] 6 Am Jur 2d, Assault and Battery § 10.

Attempt to commit assault as criminal offense. 79 ALR2d 597.

1. EVIDENCE — REBUTTAL TESTIMONY.

   Generally, the only type of contradictory evidence admissible on rebuttal is that which directly tends to disprove the exact testimony given by a witness.

2. APPEAL — EVIDENCE — REBUTTAL TESTIMONY.

   The standard of review for determining whether reversal is necessary because of improperly admitted rebuttal testimony is whether the error was so egregious as to result in a miscarriage of justice.

3. CRIMINAL LAW — APPEAL — PROSECUTOR'S ARGUMENT.

   Appellate review of the impropriety of a prosecutor's alleged misstatements regarding the evidence during closing argument is precluded by the lack of an objection at trial, absent a miscarriage of justice as a result of not reviewing the question.

4. CRIMINAL LAW — JURY INSTRUCTIONS — ATTEMPTS.

   A jury instruction on an attempted crime, under the general attempt statute, is appropriate only where no express provision for conviction of an attempt exists in the statute under which a defendant is charged (MCL 750.92; MSA 28.287).

5. CRIMINAL LAW — FELONY-FIREARM — ATTEMPTS.

   There is no such offense as attempted possession of a firearm during the commission of a felony (MCL 750.227b; MSA 28.424[2]).

6. ASSAULT AND BATTERY — ATTEMPTS — ASSAULT WITH INTENT TO COMMIT MURDER — JURY INSTRUCTIONS.

   A jury instruction on attempted assault with intent to commit murder is not proper as assault with intent to commit murder is an "attempted battery" type of crime, and there can be no attempt to attempt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *John H. MacFarlane,* Chief Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: V. J. Brennan, P.J., and D. E. Hol-
brook, Jr., and J. R. Ernst,* JJ.

Per Curiam. Defendant was convicted by a jury
of first-degree murder, MCL 750.316; MSA 28.548,
assault with intent to commit murder, MCL
750.83; MSA 28.278, and felony-firearm, MCL
750.227b; MSA 28.424(2). Thereafter sentenced to
two terms of life imprisonment on the murder and
assault charges and two years on the felony-fire-
arm charge, defendant appeals as of right.

First defendant claims that the trial court erred
in allowing rebuttal evidence which did not contra-
dict the exact testimony of an earlier witness.
Defendant presented six alibi witnesses, one of
whom was Roosevelt Hunt. They all testified that
they were present with defendant at defendant's
residence on the evening in question. The prose-
cutor asked Hunt if he remembered certain of the
alibi witnesses being at the house. However, he did
not ask Hunt if he remembered Ronnie Arm-
strong's being there. Officer Belote testified in
rebuttal to Hunt's testimony. The prosecutor asked
Belote if Hunt had given him a statement as to
the whereabouts of Ronnie Armstrong. At this
point, defense counsel objected on the grounds of
improper hearsay and rebuttal. Belote then stated
that Hunt previously told him Ronnie Armstrong
was at defendant's home on the evening of Janu-
ary 16. In closing argument, the prosecutor used
the alleged inconsistency in Hunt's testimony to
impeach his credibility. Defense counsel did not
object to these remarks.

Belote's testimony was improper rebuttal evi-
dence. As stated above, Hunt was never asked as
to the whereabouts of Armstrong. It was therefore

---

* Circuit judge, sitting on the Court of Appeals by assignment.

improper to question Belote as to Hunt's statement in which he allegedly said that Armstrong had been present. Generally, the only type of contradictory evidence admissible on rebuttal is that which directly tends to disprove the exact testimony given by a witness. *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974); *People v Lee Dyson,* 106 Mich App 90; 307 NW2d 739 (1981).

The standard of review of improperly admitted rebuttal testimony is whether the error was so egregious as to result in a miscarriage of justice. *People v Bell,* 101 Mich App 779; 300 NW2d 691 (1980). We hold there was no reversible error. There was no evidence of lack of good faith by the prosecutor and the remark, occurring after a seven-day jury trial, should more properly be construed as inadvertent and isolated, rather than deliberately or grossly prejudicial. Furthermore, five other alibi witnesses testified for defendant; Hunt was *not* defendant's only alibi witness. His testimony was not as crucial as defendant contends it to be on appeal.

Second, defendant claims that the prosecutor's misstatement of the evidence during closing argument requires reversal of his conviction. Defense counsel failed to object to the prosecutor's misstatement. Hence, appellate review is precluded absent a miscarriage of justice. *People v LaPorte,* 103 Mich App 444; 303 NW2d 222 (1981). Although it is true that the prosecutor misstated the circumstances surrounding the physical lineup, the misstatements were indeed minor. Instead of stating that Nancy Edwards identified defendant when individual #5 stepped forward, the prosecutor stated that she interrupted the proceedings when individual #3 stepped forward. This statement

was untrue; however, it is undisputed from reviewing the record that Nancy identified defendant and was positive of her identification. We hold the error to be harmless.

Finally, defendant claims that the trial court erred in refusing to instruct the jury on attempted felony-firearm and attempted assault with intent to commit murder.

With regard to attempted felony-firearm, there was no reversible error. An instruction under the general attempt statute, MCL 750.92; MSA 28.287, is appropriate only where no express provision for attempt exists in the statute under which a defendant is charged. *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979); *People v Denmark,* 74 Mich App 402, 416; 254 NW2d 61 (1977). The felony-firearm statute proscribes the carrying or possession of a firearm during the commission or *attempted* commission of any felony. Moreover, since the Legislature clearly intended to punish possession of a firearm during an abortive felony, it could have additionally made attempted possession of a firearm a crime. It did not do so. Hence, we hold there is no such offense as attempted felony-firearm.

Additionally, we hold there is no error in the court's refusal to instruct on attempted assault with intent to commit murder. In *People v Banks,* 51 Mich App 685; 216 NW2d 461 (1974), and *People v Patskan,* 29 Mich App 354; 185 NW2d 398 (1971), *rev'd on other grounds* 387 Mich 701; 199 NW2d 458 (1972), the notion of attempt to assault was rejected. These cases defined assault as an attempt to offer with force and violence to do bodily hurt to another with the present means of accomplishing the hurt. In other words, an attempted battery. Therefore, an attempt to assault

would, by definition, include an attempt to attempt or offer. *Patskan, supra,* 357.

The Supreme Court's recent definition of assault in *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), may in some circumstances make an attempt to assault instruction appropriate. The Court defines an assault as either an attempted battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery. A trial court would be required, upon timely request, to give an instruction on the necessarily lesser included offense of the "attempted unlawful act" type of assault if such crime actually existed. See *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).

In our case, however, defendant was charged with assault with intent to commit murder, which is of the "attempted battery" type, not of the "unlawful act" type. *Joeseype Johnson, supra,* does not change prior law with respect to the "attempted battery" type of assault but merely expands the definition of assault. Hence, failure to instruct on attempted assault with intent to commit murder herein was not reversible error.

Affirmed.