PEOPLE v HAMMOND

Docket No. 107366. Submitted November 15, 1990, at Detroit. Decided January 22, 1991, at 9:25 A.M.

Frederick Hammond pleaded guilty in the Recorder's Court for the City of Detroit of second-degree murder and conspiracy to commit second-degree murder and was sentenced to concurrent terms of five to ten years' imprisonment, Robert L. Evans, J. The defendant's motion to withdraw his pleas subsequently was denied. The defendant appealed, contending that his conviction of conspiracy to commit second-degree murder is infirm and must be vacated because there is no such criminal offense.

The Court of Appeals *held:*

Conspiracy to commit second-degree murder is not a criminal offense because such a conspiracy would be logically inconsistent. The state has no legitimate interest in securing a conviction of a nonexistent offense. The trial court abused its discretion in failing to permit the defendant to withdraw his plea. A sufficient factual basis existed to support the conviction of second-degree murder.

1. Conspiracy to commit second-degree murder is not a criminal offense because such a conspiracy is logically inconsistent. The elements of conspiracy are incompatible and inconsistent with the elements of second-degree murder. The state does not have a legitimate interest in securing a conviction of a fictional crime. The entry of the guilty plea in this case did not waive the defendant's right to assert that the state never had the power to proceed against him in the first place. The trial court abused its discretion in denying the defendant's motion to withdraw his plea, requiring vacation of his conviction and sentence for conspiracy.

2. The defendant had no right to withdraw his plea of guilty of second-degree murder. Although the lower court did not formally accept the plea prior to sentencing, the motion to withdraw was not made until after the defendant was sen-

REFERENCES

Am Jur 2d, Criminal Law §§ 473, 486, 489, 490; Homicide § 34.

See the Index to Annotations under Conspiracy; Guilty Plea; Homicide.

tenced. Under MCR 6.310(A), the defendant had no right to withdraw his plea at such time, because, by sentencing the defendant, the judge implicitly had accepted the plea.

Affirmed in part, reversed in part, and remanded.

1. CRIMINAL LAW — CONSPIRACY TO COMMIT SECOND-DEGREE MURDER.
    Conspiracy to commit second-degree murder is not a criminal offense.

2. CRIMINAL LAW — GUILTY PLEAS — APPEAL.
    Entry of a guilty plea does not waive a defendant's right to assert that the state never had the power to proceed in the first place.

3. CRIMINAL LAW — APPEAL — GUILTY PLEAS — WAIVER.
    Claims that a defendant pled guilty of a nonexistent criminal offense or an unconstitutional statute, or that a plea was taken in violation of the constitutional bar against double jeopardy, survive a guilty plea because of the absence of a legitimate interest by the state in securing such a conviction.

4. CRIMINAL LAW — GUILTY PLEAS — FORMAL ACCEPTANCE.
    The failure of a trial court to formally accept a plea of guilty before sentencing does not justify reversal of a conviction because, by imposing sentence, the court implicitly accepts the plea (MCR 6.310[A]).

*Gerald M. Lorence,* for the defendant.

Before: GRIFFIN, P.J., and SAWYER and BRENNAN, JJ.

GRIFFIN, P.J. Defendant appeals as of right from the denial by the Detroit Recorder's Court of his amended motion to withdraw his guilty pleas of second-degree murder and conspiracy to commit second-degree murder. Defendant was sentenced to concurrent terms of five to ten years in state prison for the convictions.

On appeal, defendant contends that his conviction of conspiracy to commit second-degree murder is infirm and must be vacated because there is no such criminal offense. We agree, and vacate the conviction and sentence for conspiracy to commit second-degree murder on the ground that the state

has no legitimate interest in securing a conviction of a nonexistent offense.

I

At the outset, we note that our review is hampered by the failure of the Wayne County Prosecutor to file a brief. While in the future we may view such nonparticipation as a confession of error, in the instant case we choose to address the merits of the issues raised by the defendant.

Before this decision, there existed a conflict of authority within the Court of Appeals regarding whether conspiracy to commit second-degree murder is a lesser included offense of conspiracy to commit first-degree murder. A panel of this Court in *People v Owens,* 131 Mich App 76, 84; 345 NW2d 904 (1983), followed dicta contained in *People v Hence,* 110 Mich App 154, 170-171; 312 NW2d 191 (1981), in holding that conspiracy to commit second-degree murder is a lesser included offense of conspiracy to commit first-degree murder.

Subsequent panels, however, have disagreed with *Owens,* and have held that conspiracy to commit second-degree murder does not exist as a criminal offense. *People v Gilbert,* 183 Mich App 741; 455 NW2d 731 (1990). *People v Fernandez,* 143 Mich App 388, 392-396; 372 NW2d 567 (1985); *People v Jackson,* 114 Mich App 649, 665-667; 319 NW2d 613 (1982); *People v Hamp,* 110 Mich App 92, 102-103; 312 NW2d 175 (1981).

We agree with these later authorities and are persuaded by the following reasoning contained in *People v Gilbert, supra* at 749-750:

Criminal conspiracy is a specific intent crime which arises from a mutual agreement between

two or more parties to do or accomplish a crime or unlawful act. *People v Atley,* 392 Mich 298, 311; 220 NW2d 465 (1974). The gist of a criminal conspiracy is the specific, mutual agreement to perform the crime in question; the conspiracy statute provides punishment for the actual advance planning and agreement to perform the substantive criminal acts. *Id.* However, second-degree murder is distinguishable from first-degree murder in that it does not require premeditation and in fact may not require a specific intent to kill. MCL 750.316; MSA 28.548, MCL 750.317; MSA 28.549; *People v Aaron,* 409 Mich 672, 728-729; 299 NW2d 304 (1980).

In *Hamp, supra,* p 103, the Court reasoned:

"Since prior 'planning' and 'agreement' are necessary, mandatory requisite elements of the crime of conspiracy, we find it analytically consistent to 'plan' to commit first-degree murder but logically inconsistent to 'plan' to commit second-degree murder. To prove a conspiracy to commit murder, it must be established that each of the conspirators have [sic] the intent required for murder and, to establish that intent, there must be foreknowledge of that intent. Foreknowledge and plan are compatible with the substantive crime of first-degree murder as both the crime of conspiracy and the crime of first-degree murder share elements of deliberation and premeditation. Prior planning denotes premeditation and deliberation. The elements of conspiracy, conversely, are incompatible and inconsistent with second-degree murder. One does not 'plan' to commit an 'unplanned' substantive crime. It is not 'absence' of the elements but the 'inconsistency' of the elements which lead [sic] us to conclude that one conspires to commit first-degree murder but not second-degree murder."

Because of this logical inconsistency, we conclude as a matter of law that there is no crime of conspiracy to commit second-degree murder. We therefore vacate defendant's conviction and sentence for conspiracy to commit second-degree murder.

We, like the panel in *Gilbert,* reject *People v Owens,* and hold that conspiracy to commit second-degree murder is not a criminal offense because such a conspiracy is logically inconsistent.

II

The next subissue is whether the state has a legitimate interest in securing a plea-based conviction of a fictional offense. Unlike *Gilbert,* the instant case involves a plea rather than a jury conviction.

We are cognizant of the fact that this Court on two prior occasions has permitted pleas of guilty of nonexistent offenses. In *People v Hooper,* 58 Mich App 132; 227 NW2d 250 (1975), this Court affirmed a plea-based conviction of "attempted uttering and publishing," which this Court conceded was "an offense not proscribed by law." In affirming the conviction, this Court stated:

> We write to the proposition that a bargained plea to an alleged non-existent or paradoxical offense must be vacated because there is no such offense for two reasons.
>
> First, the contention should be, and we hope is, consigned to oblivion. The idea that one who makes a bargain for his own benefit can be released from that bargain because what he bargained for is a non-existent crime is repugnant to any sense of justice, fairness and common sense. If the language, "shall affirmatively appear that the error complained of has resulted in a miscarriage of justice", of MCL 769.26; MSA 28.1096 has any meaning left, it surely applies to the contention now before us, and we so hold.
>
> We recognize that *People v Collins,* 380 Mich 131; 156 NW2d 566 (1968), did not involve a bargained plea and is otherwise factually dissimilar to this case of Hooper. However, at page 135 of that

opinion is found language which best expresses our reason for holding that defendant's contention is untenable:

"If there is any miscarriage of justice, under these circumstances it can only be one in which the people of the State of Michigan have exacted an insufficient penalty. Putting it another way, if there has been, under these circumstances, a miscarriage of justice, it is a miscarriage which ran to the benefit of the defendants and to the detriment of the people. Of such a miscarriage of justice, only the people can complain." [*Id.* at 133-134.]

Later, in *People v LeBlanc,* 120 Mich App 343; 327 NW2d 471 (1982), the rationale of *Hooper* was followed in affirming a plea-based conviction of "attempted felonious assault." In dismissing the defendant's argument that the lower court should not have accepted his plea because he had not pled guilty of any "crime" recognized in Michigan, the Court said:

While we do not retreat from disapproval of such made-for-bargain charges, any detriment runs to the people and the benefit runs to the defendant. Defendants should not complain when they receive precisely what they bargained for. No prejudice is shown and no reversible error is found. [*Id.* at 346.]

We are normally persuaded by the argument that the defendant may not complain on appeal of receiving the benefit of his bargain. See *People v Vitale,* 179 Mich App 420, 422; 446 NW2d 504 (1989). In this instance, however, the state never possessed a legitimate interest in securing defendant's conviction of the fictional "crime."

In *People v Richard Banks,* 51 Mich App 685; 216 NW2d 461 (1974), we held that it was error for the prosecutor to charge the defendant with the

nonexistent offense of "attempted felonious assault." In reversing the defendant's conviction, this Court said the following in a footnote concerning the practice of accepting pleas of guilty of nonexistent offenses:

> A corollary error is created when prosecutors accept guilty pleas to the nonexistent offense of attempted felonious assault. We are aware of *People v Milton*, 36 Mich App 702; 194 NW2d 1 (1971), but reject any intimation from this decision that a crime of attempted felonious assault exists which may be charged by the prosecutor in his discretion. *In the future prosecutors must refrain from bargaining for guilty pleas to this nonexistent offense which could not be charged in the first instance.* [*Id.* at 690, n 8. Emphasis added.]

Although not articulated in *Hooper* and *Le-Blanc,* it must be assumed that, under the "bargained-for-benefit" analysis, these panels concluded that a defendant may not appeal a plea-based conviction of a nonexistent offense because all defenses to the conviction were relinquished by operation of the plea bargain. Such a conclusion, however, was rejected by our Supreme Court in *People v New,* 427 Mich 482, 491-492; 398 NW2d 358 (1986), which quoted with approval the following portion of Justice MOODY's concurring opinion in *People v White,* 411 Mich 366, 397-398; 308 NW2d 128 (1981):

> A literal interpretation of the language of *Menna* [v *New York,* 423 US 61; 96 S Ct 241; 46 L Ed 2d 195 (1975)] and *Blackledge* [v *Perry,* 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974)] might allow a defendant to preserve a wide variety of defenses in spite of his guilty plea. However, the spirit of those cases, and respect for the state's interest in the finality of conviction and judicial

economy as reflected in the guilty-plea procedure, undercuts the wisdom of such a construction. Further, the underlying rationale of the guilty plea in many cases is the notion of bargain and exchange. . . . Courts should be hesitant to allow a defendant to upset a bargain by which he knowingly and intelligently admitted his guilt.

. . . Only those rights and defenses which reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial are preserved. Examples include: the prohibition against double jeopardy, *Menna*; the right to challenge the constitutionality of the statute under which one is charged, *Journigan v Duffy,* 552 F2d 283 (CA 9, 1977); the challenge that a charge is brought under an inapplicable statute, *People v Beckner,* 92 Mich App 166; 285 NW2d 52 (1979).

The examples cited by the Supreme Court are instructive. In *People v Beckner,* 92 Mich App 166, 169; 285 NW2d 52 (1979), the defendant pled guilty of an inapplicable charge. With regard to the issue of "waiver,"[1] we stated:

The prosecution also asserts that the defendant's claim is waived by her guilty plea. *Entry of a guilty plea does not waive the defendant's right to assert that the state never had the power to proceed against her in the first place.* That is the case when the charge is brought under an inapplicable statute. [Emphasis added.]

A claim that a plea was taken in violation of the constitutional bar against double jeopardy or that the defendant had pled guilty of the violation of an unconstitutional statute are further examples

[1] The issue is more appropriately phrased in terms of relinquishment or forfeiture because it is asserted that such defenses are lost by operation of law, rather than by a deliberate, informed choice. See *People v Eaton,* 184 Mich App 649, 650, n 2; 459 NW2d 86 (1990).

of defenses which survive a guilty plea because of the absence of a legitimate interest by the state in securing such a conviction. See *Menna v New York,* 423 US 61; 96 S Ct 241; 46 L Ed 2d 195 (1975), and *Journigan v Duffy,* 552 F2d 283 (CA 9, 1977); cf. *People v Eaton,* 184 Mich App 649; 459 NW2d 86 (1990).

We hold that a plea of guilty of a nonexistent criminal offense is similar to the examples cited above in which the state never had a legitimate interest in securing a conviction. Accordingly, despite the plea bargain, the defendant may appeal and allege the illegality of his plea-based conviction of a nonexistent offense.

For these reasons, we conclude that the lower court abused its discretion in failing to grant defendant's motion to withdraw his plea of guilty of conspiracy to commit second-degree murder.

III

As a second issue, defendant argues that his plea-based conviction of second-degree murder must be reversed because: (1) his plea was not accepted by the lower court prior to his motion to withdraw, and (2) a sufficient factual basis was not established on the record to support the conviction. We disagree with the defendant, and affirm his conviction of second-degree murder.

The record reflects that, although the trial judge did not formally accept the defendant's plea prior to sentencing, the motion to withdraw nevertheless was not made until after the defendant was sentenced. Our Supreme Court in *Guilty Plea Cases* 395 Mich 96, 126; 235 NW2d 132 (1975), cert den 429 US 1108 (1977), addressed this precise factual circumstance and held that under what was then GCR 1963, 785.7(2), the predecessor of

the former MCR 6.101(F)(6)(a), now MCR 6.310(A), a defendant has no right to withdraw a plea at such a time, because, by sentencing the defendant, the judge has implicitly accepted the plea:

> The failure of the [trial] judge in *Young* formally to accept the plea before sentencing does not justify reversal. By sentencing the defendant the judge implicitly accepted the plea.

Further, although MCR 6.311(C) was not in effect at the time of defendant's sentencing, and is therefore not applicable, we note that under the current rule the issue would not be preserved because of the defendant's failure to raise the issue in the lower court:

> A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter, or any other claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal.

With regard to whether there was a sufficient factual basis for the plea of guilty of second-degree murder, the defendant's own testimony clearly established that he aided and abetted. In response to the trial court's questions, defendant stated that he participated in the murder by accompanying his cohorts to 15888 Coyle Street and serving as a "back up" for the others. Defendant carried a gun and was ready to use the gun to assist Willie Merriweather and the others should there arise a need to use the gun. There was no doubt from defendant's testimony that defendant intended

that Underwood be killed, because the murder was planned two days in advance. He also knew that Merriweather intended to kill Underwood, because that was the way the contract killing was planned, and because defendant saw Merriweather with an automatic firearm shortly before the murder. Although defendant was not actually in the house when Underwood was shot, it is clear that he aided and abetted the murder by supporting and assisting Merriweather and the other conspirators. We find such facts sufficient to support defendant's conviction. See *People v Schultz,* 172 Mich App 674, 681; 432 NW2d 742 (1988), aff'd 435 Mich 517; 460 NW2d 505 (1990).

IV

Defendant's conviction of second-degree murder is affirmed. The lower court's denial of defendant's motion to withdraw his plea of guilty of conspiracy to commit second-degree murder is reversed. The case is remanded to the lower court for further proceedings consistent with this opinion. We do not retain jurisdiction.

Affirmed in part, reversed in part, and remanded.