PEOPLE v JONES

Docket No. 120006. Submitted February 11, 1992, at Detroit. Decided April 6, 1992, at 10:40 A.M. Leave to appeal sought.

Mearl E. Jones was convicted following a bench trial in the Detroit Recorder's Court, William L. Cahalan, J., of attempted felonious assault and entry of a dwelling without the owner or occupant's permission. He appealed.

The Court of Appeals *held:*

1. There is no crime of attempted assault. An assault requires an affirmative act by a defendant, either toward attempting a battery or toward some action that places another in reasonable apprehension of an immediate battery. There can be no attempted assault that does not also constitute an assault. The defendant's conviction of attempted felonious assault must be vacated.

2. The trial court's denial of the defendant's motion for a new trial based on a claim that the verdict was against the great weight of the evidence was not an abuse of discretion or against the clear weight of the evidence.

Affirmed in part and reversed in part.

CRIMINAL LAW — ASSAULT — ATTEMPTED ASSAULT.

An assault requires an affirmative act by a defendant, either toward attempting a battery or toward some action that places another in reasonable apprehension of an immediate battery; thus, there is no crime of attempted assault.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Assault and Battery § 10.

Attempt to commit assault as criminal offense. 79 ALR2d 597.

*Law Office of Bill Colovos* (by *Bill Colovos*), for the defendant on appeal.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

BRENNAN, J. Following a bench trial, defendant was convicted of attempted felonious assault, MCL 750.92; MSA 28.287 and MCL 750.82; MSA 28.277, and entry of a dwelling without the owner's or the occupant's permission, MCL 750.115; MSA 28.310. Defendant was sentenced to one to two years in prison for the conviction of attempted felonious assault and ninety days for the conviction of entry without permission. He appeals as of right. We affirm in part and reverse in part.

Defendant first argues that his conviction of attempted felonious assault must be reversed because there is no such offense. We agree. Attempted felonious assault, by its very definition and by examination of its elements, cannot exist. To prove the crime of attempt, the prosecution must establish the specific intent to commit a crime and an overt act going beyond mere preparation toward committing the crime. *People v Stapf,* 155 Mich App 491, 494; 400 NW2d 656 (1986). For years, assault was defined "as an attempt or offer, with force and violence, to do bodily hurt to another with a present means of accomplishing the hurt." *People v Patskan,* 29 Mich App 354, 357; 185 NW2d 398 (1971), rev'd on other grounds 387 Mich 701; 199 NW2d 458 (1972). Several panels of this Court determined that, according to the definition of assault, there could be no crime of attempted assault because an attempted assault would amount to an attempt to attempt or offer. See *People v Richard Banks,* 51 Mich App 685; 216 NW2d 461 (1974), and *People v*

*Maxwell,* 36 Mich App 127, 128; 193 NW2d 176 (1971).

Subsequently, in *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), our Supreme Court broadened the definition of assault to include both "an attempt to commit a battery" as well as "an unlawful act which places another in reasonable apprehension of receiving an immediate battery." Since *Joeseype Johnson,* panels of this Court have disagreed concerning whether attempted assault is a valid crime. See *People v LeBlanc,* 120 Mich App 343, 345-346; 327 NW2d 471 (1982), holding that no such crime exists. See also *People v Etchison,* 123 Mich App 448, 453; 333 NW2d 309 (1983), and *People v Laster,* 169 Mich App 768, 771; 426 NW2d 806 (1988), holding that attempted assault may exist under the expanded definition of assault. Those cases found that a defendant could attempt, without success, to commit an unlawful act that places another in reasonable apprehension of receiving an immediate battery.

We find that after the *Joeseype Johnson* decision, there is more support than ever for the position that there is no crime of attempted assault. An assault now requires an affirmative act by a defendant, either toward attempting a battery or toward some action that places another in reasonable apprehension of an immediate battery. Under the current definition, there can be no attempted assault that does not also constitute an assault. The actions that could have formerly constituted an attempted assault are now included within the definition of assault. Accordingly, we find there is no crime of attempted assault. Consequently, defendant's conviction of attempted felonious assault must be vacated.

Defendant also contends that his conviction of

entry without an owner's permission was against the great weight of the evidence where he established the defenses of duress and necessity. A trial court's decision to deny a motion for a new trial based on a claim that the verdict was against the great weight of the evidence is reviewed for an abuse of discretion. *People v Harris,* 190 Mich App 652, 658-659; 476 NW2d 767 (1991). An abuse of discretion will be found only if denial of the motion was manifestly against the clear weight of the evidence. *Id.* We initially note that the defense of necessity is inapplicable in the present case. Necessity applies to situations involving natural physical forces, whereas duress applies to the threatened conduct of another human being. *People v Hocquard,* 64 Mich App 331, 337, n 3; 236 NW2d 72 (1975). The trial court apparently rejected defendant's defense of duress on the basis of a conclusion that defendant's perception of the threatening conduct of his alleged pursuers was not such that it would have created in the mind of a reasonable person the fear of either death or serious bodily harm. See *People v Luther,* 394 Mich 619, 623; 232 NW2d 184 (1975). Defendant's convoluted story involving pursuit by three men throughout the cities of Detroit and Hamtramck was unsupported by corroborating testimony. We defer to the trial judge, who was the trier of fact, to determine defendant's credibility. *People v Vaughn,* 186 Mich App 376, 380; 465 NW2d 365 (1990).

Affirmed in part and reversed in part.