PEOPLE v STAPF

Docket No. 86153. Submitted August 4, 1986, at Grand Rapids. Decided October 20, 1986.

Myron R. Stapf was convicted of attempted kidnapping by a jury in Charlevoix Circuit Court and was sentenced to from three to five years in prison, Richard M. Pajtas, J. Defendant appealed.

The Court of Appeals *held:*

1. The evidence adduced at trial was sufficient to sustain defendant's conviction.

2. The evidence adduced at trial shows that defendant did not voluntarily abandon the attempt to kidnap.

3. The trial court erred in admitting a real gun belonging to defendant's stepfather when defendant allegedly used a toy gun in the kidnap attempt. The error, however, was harmless since it is doubtful that any member of the jury would have voted to acquit defendant if the gun had not been admitted.

4. The trial court did not err in not instructing the jury, sua sponte, on the defense of intoxication and voluntary abandonment. Defendant never presented any evidence relating to those defenses.

5. The trial court erroneously referred to specific intent in relation to the kidnapping charge, but the instructions given on kidnapping and attempted kidnapping, when read as a whole, contained all the information required by the jury to return a proper verdict. The trial court did give the jury the appropriate elements of attempt and gave a specific intent instruction as to the attempt.

6. The case must be remanded to the trial court to determine whether defense counsel requested, in camera, a jury instruction on the lesser-included offense of assault and battery. Under

REFERENCES

Am Jur 2d, Abduction and Kidnapping § 22.

Am Jur 2d, Appeal and Error §§ 607 *et seq.*

Am Jur 2d, Criminal Law §§ 158-160, 183, 580 *et seq.*

Am Jur 2d, Trial § 727.

See the annotations in the Index to Annotations under Abduction and Kidnapping; Attempt to Commit Crime; Evidence; Sentence and Punishment.

the facts of this case, if the instruction was requested, the trial court erred in denying the request. On the other hand, if defense counsel did not request the jury instruction, serious questions about the effectiveness of defendant's counsel are raised. On remand, defendant may also present testimony on his counsel's failure to request intoxication and abandonment instructions.

7. The trial judge failed to articulate on the record his reasons for deviating from the sentencing guidelines when sentencing defendant. On remand, if defendant is not granted a new trial, he should be resentenced and any departure reasons are to be specifically articulated on the record.

Remanded.

1. Appeal — Sufficiency of Evidence.

The Court of Appeals, on sufficiency of evidence claims, reviews the evidence in a light most favorable to the prosecutor to determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

2. Criminal Law — Attempt.

The evidence must show (1) the specific intent to commit a crime and (2) an overt act going beyond mere preparation toward committing that crime in order to prove the crime of attempt.

3. Criminal Law — Attempt — Defenses — Voluntary Abandonment — Burden of Proof.

The burden is on the defendant who asserts the affirmative defense of voluntary abandonment to a charge of criminal attempt to establish by a preponderance of the evidence that he or she has voluntarily and completely abandoned his or her criminal purpose.

4. Criminal Law — Attempt — Defenses — Voluntary Abandonment.

Abandonment of efforts to commit a crime attempted is not voluntary where the defendant failed to complete the attempted crime because of unanticipated difficulties, unexpected resistance, or circumstances which increased the probability of detection or apprehension, nor is the abandonment voluntary where the defendant failed to consummate the attempted offense after deciding to postpone the criminal conduct until another time or to substitute another victim or another but similar objective.

5. Criminal Law — Defenses — Evidence — Jury Instructions.

A trial court is not expected to instruct the jury sua sponte

regarding a defense where the defendant has offered no evidence relating to that defense.

6. KIDNAPPING — ATTEMPTED KIDNAPPING — SPECIFIC INTENT.
   Attempted kidnapping is a specific intent crime (MCL 750.92, 750.349; MSA 28.287, 28.581).

7. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.
   A sentencing court, when departing from the sentencing guidelines recommendation, must place its reasons for the departure both on the record and on the sentencing information report.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Kraag C. Lieberman,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *Stuart B. Lev*), for defendant on appeal.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and W. R. PETERSON,* JJ.

PER CURIAM. Defendant was charged with kidnapping and appeals as of right from a jury trial conviction for attempted kidnapping, MCL 750.349; MSA 28.581 and MCL 750.92; MSA 28.287. Defendant was sentenced to from three to five years in prison. This appeal of his conviction and sentence raises six issues.

Defendant first challenges the sufficiency of the evidence adduced at trial to sustain his conviction. On sufficiency of evidence claims, we review the evidence in a light most favorable to the prosecutor to determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Vicuna,* 141 Mich App 486, 495; 367 NW2d 887 (1985); *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1980). To prove the crime of attempt the evidence must show (1) the specific intent to commit a crime and (2) an overt act going beyond mere preparation toward committing the crime. *People v Coleman,* 350 Mich 268; 86 NW2d 281 (1957); *People v Frost,* 148 Mich App 773, 776; 384 NW2d 790 (1985). The parties agree that the elements of kidnapping under the particular facts at hand are: (1) forcible confinement or imprisonment, (2) against the victim's will, maliciously or without authority, and (3) with asportation. *People v Wesley,* 421 Mich 375, 388; 365 NW2d 692 (1984).

The evidence showed that fourteen-year-old Stephanie Vandenbout and her eleven-year-old sister Sarah were walking along M-75 returning from a swim when they noticed defendant following them. Stephanie testified that defendant began walking faster and when he caught up to her he grabbed her arm and dragged her into the woods. Defendant was holding a gun in front of her, but did not point it at her, and he told her to be quiet. Stephanie began screaming and attempting to get away by kicking and hitting the defendant. About seventy-five feet into the woods defendant abruptly let Stephanie go, and she ran back to the highway, where her sister and a passerby met her. She estimated the incident took less than one minute.

Defendant argues that the evidence was not sufficient to prove that he specifically intended to commit an attempted kidnapping. He submits that his letting the victim go after such a short period of time shows the lack of specific intent. He also points to the lack of evidence of planning and motive and suggests that only speculation supports a finding of specific intent.

Defendant made two statements shortly after his arrest which were read to the jury. In one statement he admitted he intended to take the girl

farther into the woods. Defendant also testified that he grabbed Stephanie when she started screaming and that he did not intend to confine her, he was just pushing her.

We disagree that a jury could not have found the specific intent to kidnap from these facts. Defendant's use of physical force to take the girl into the woods and his use of the gun (which proved to be a toy) to scare her are sufficient evidence of his intent. From his actions the jury could have reasonably concluded that he intended to forcibly confine or imprison his victim against her will.

Defendant also contends that the evidence shows that he realized that the incident had gotten carried away and blown out of proportion and that even if he once had criminal intent to kidnap he later abandoned his attempt. This Court recognized the defense of voluntary abandonment to a charge of attempted kidnapping in *People v Kimball,* 109 Mich App 273; 311 NW2d 343 (1981); modified 412 Mich 890; 313 NW2d 285 (1981). *Kimball* held that the burden is on the defendant to prove by a preponderance of the evidence that he has voluntarily and completely abandoned his criminal purpose. The Court pointed out what did not constitute "voluntary" abandonment:

> Abandonment is not "voluntary" when the defendant fails to complete the attempted crime because of unanticipated difficulties, unexpected resistance, or circumstances which increase the probability of detention [sic] or apprehension. Nor is the abandonment "voluntary" when the defendant fails to consummate the attempted offense after deciding to postpone the criminal conduct until another time or to substitute another victim or another but similar objective. [109 Mich App 286-287.]

Under the present circumstances, defendant's abandonment was not voluntary. In defendant's confession, he stated that he saw a flash of something, apparently believed someone was coming, and let the victim go. Defendant's actions in going to the lake and hiding under a dock reinforced the idea that he abandoned his attempt because he thought someone was coming and he feared getting caught. According to *Kimball*, circumstances which increase the probability of apprehension negate the voluntariness of abandonment.

Defendant next asserts that the trial court erred in admitting a real gun owned by his stepfather which the police seized from a locked cabinet in his stepfather's home where defendant had been staying. Defendant admitted showing a toy gun to Stephanie. He told the police where he had hidden the toy gun, which they recovered, and Stephanie testified that the toy gun looked like the gun defendant showed her. However, the prosecutor claimed the real gun was relevant to prove the toy gun looked like a real gun to Stephanie and the trial court admitted it for this limited purpose. We conclude that admission of the real gun was error.

Evidence which is not relevant is not admissible. MRE 402. Although the prosecutor claimed the real gun was relevant to prove the toy gun looked like a real gun, it was unnecessary to use defendant's stepfather's gun and to argue during closing argument that defendant could have used either gun. The presence of a weapon is not an element of kidnapping. Nonetheless, although the real gun was irrelevant, and its admission error, we find the error harmless. Even if the jury believed from this irrelevant evidence that defendant had a real gun at the time of the offense, we are unconvinced that any juror might have voted to acquit defen-

dant absent this evidence. *People v Hudgins,* 125 Mich App 140, 145; 336 NW2d 241 (1983).

Next, we address whether the trial court's jury instructions were deficient because the instructions were inadequate to inform the jury that attempted kidnapping is a specific intent crime and because the judge failed to instruct sua sponte on the defense of intoxication and voluntary abandonment. As to the intoxication instruction, defense counsel never argued at trial that defendant was impaired by the alcohol and marijuana defendant admitted he consumed prior to the incident. Nor did he ever argue that he intended to kidnap Stephanie but abandoned that intent. When the defendant presents no evidence relating to a defense, the trial court is not expected to sua sponte instruct the jury regarding those defenses. *People v Freeman,* 149 Mich App 119, 126; 385 NW2d 617 (1985).

Likewise, we disagree with defendant's argument that the trial court failed to instruct that attempted kidnapping is a specific intent crime. While kidnapping is not a specific intent crime, attempted kidnapping is a specific intent crime. *People v Wesley, supra; People v Joeseype Johnson,* 407 Mich 196, 239; 284 NW2d 718 (1979). The trial court did give the jury the appropriate elements of attempt and gave a specific intent instruction. However, in doing so the court erroneously referred to specific intent in relation to the kidnapping charge itself. Nonetheless, we find that the instruction as given, when read as a whole, contained all the information required by the jury to return a proper verdict. *People v Freeman, supra.*

Because they are closely related, we address in tandem two additional assignments of error. Throughout the trial, defense counsel suggested

that the proofs would not support a conviction for kidnapping or attempted kidnapping; that at most defendant was guilty of assault and battery. Defendant himself admitted during his testimony that he had committed the crime of assault and battery. In instructing the jury, the court told the jurors that they should "consider whether the movement was for the purpose of kidnapping or whether it was a part of the crime of assault and battery." The court also stated that it was defendant's theory of the case that he had been "overcharged based on the facts presented" and "that any movement that took place was incidental to a lesser offense of Assault and Battery."

Nonetheless, defendant was not charged with assault and battery and the trial court did not give an assault and battery instruction. Defendant claims that trial counsel requested an instruction on the lesser-included offense of assault and battery during an in-chambers conference on instructions. Even though no instruction on assault and battery was given, counsel made no objection on the record and instead pronounced himself satisfied with the jury instructions. At one point during deliberation, the jury requested and received additional instruction on kidnapping and attempted kidnapping. Later the jury informed the court it could not reach a verdict and it was given the deadlock instruction, after which it returned the verdict of guilty of attempted kidnapping.

Defendant now asserts that the trial court erred by denying an in-chambers request for an instruction on the lesser offense of assault and battery. Defendant alternatively argues that if trial counsel failed to make a proper request, then the trial attorney seriously erred to the extent he was deprived of effective assistance of counsel. Because we are unable to determine from this record

whether trial defense counsel did request the assault and battery instruction and because appellate counsel's arguments do raise a question as to the adequacy of defendant's representation at trial, we find it necessary to remand to the trial court for presentation of these issues.[1]

We so find because we are convinced that the instant facts met the requirements for the giving of instructions on a lesser-included misdemeanor as set forth in *People v Stephens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982). If the defendant requested the instruction, it would have been appropriate for the trial court to give the instruction. The intent to kidnap was sufficiently in dispute so that the jury could have consistently found defendant innocent of the greater offense and guilty of the lesser included misdemeanor offense. *People v Acosta,* 143 Mich App 95, 102; 371 NW2d 484 (1985). If the jury believed the defendant had not intended to confine the victim but had committed some crime, it had no acceptable verdict. Defendant's theory of the case was that he had only assaulted and battered the victim, never meaning to confine her except incidental to the assault and battery.

However, if, on the other hand, defendant's trial attorney failed to request the assault and battery instruction when his theory of the case was that defendant was guilty of nothing more than assault and battery, then a factual determination must be made by the trial court as to whether a serious mistake was made by defense counsel rendering his performance below that of a lawyer with ordinary skill and training in criminal law and depriv-

---

[1] We recognize that on February 18, 1986, a panel of this Court denied defendant's motion to remand on this same basis "for failure to persuade the Court of the necessity of a remand at this time." We now find that remand is necessary.

ing defendant of a reasonable chance of acquittal, or, in this case, conviction on the lesser included misdemeanor. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976); *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Vicuna, supra,* pp 496-498. Accordingly, pursuant to *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973), this case is remanded to the trial court for a hearing on defendant's new trial motion. At that hearing, in addition to the issue of whether defendant's trial counsel failed to request an assault and battery instruction, defendant may present testimony on his counsel's failure to request intoxication and abandonment instructions.

Defendant's last issue challenges his sentence because the trial judge deviated from the sentencing guidelines but failed to articulate his departure reasons on the record. While the judge did explain his sentence departure on the Sentencing Information Report (SIR) under departure reasons, we subscribe to the view that "departure reasons must be placed on the record in addition to the SIR which has only the effect of placing them *in* the record." *People v Spalla,* 147 Mich App 722, 727; 383 NW2d 105 (1985); *People v Fleming,* 142 Mich App 119, 123; 369 NW2d 499 (1985) lv gtd 424 Mich 877 (1986). Thus, in the event that on remand following the *Ginther* hearing the trial court denies defendant's new trial motion, defendant should be resentenced and any departure reasons shall be specifically articulated on the record.

Remanded for further proceedings consistent with this opinion.