# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NORMAN PAUL VEIT,

Defendant-Appellant.

UNPUBLISHED
June 21, 2018

No. 336797
Midland Circuit Court
LC No. 16-00640-FH

Before: CAMERON, P.J., and METER and BORRELLO, JJ.

PER CURIAM.

Defendant was convicted following a jury trial of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (person under 13 years of age). He was sentenced to 38 months to 15 years in prison. Defendant appeals as of right. We affirm defendant's conviction but vacate his sentence and remand for resentencing.

## I. FACTS

Defendant's conviction arises from the sexual abuse of his friend's six-year old granddaughter. On the day of the assault, the victim's father saw defendant place his hand on the victim's leg in a suspicious manner. Later that day, the victim's father witnessed defendant with his hand up the victim's shorts, "kind of rubbing her." The victim testified that defendant was "touching like my panties" and that she did not like him touching her with his finger. Following the incident, defendant made an incriminating statement to the Michigan State Police, admitting to placing his hand on the victim's leg, "just barely" inside her shorts.

## II. ANALYSIS

### A. INADMISSIBLE HEARSAY UNDER MRE 803A

Defendant first argues that during trial the victim's mother testified to inadmissible hearsay statements. He argues that this violated his right to a fair trial. We disagree.

Defense counsel objected to the hearsay statements and moved for a mistrial. Therefore, this issue is preserved. *People v Grant*, 445 Mich 535, 551-552; 520 NW2d 123 (1994). We review a trial court's decision regarding a motion for a mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). Additionally, a preserved and

-1-

nonconstitutional evidentiary error "is presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative—i.e., that it undermined the reliability of the verdict." *People v Douglas*, 496 Mich 557, 566; 852 NW2d 587 (2014) (quotation marks and citations omitted).

Generally, hearsay is inadmissible unless an exception under Michigan's Rules of Evidence applies. MRE 802. " 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). MRE 803A, a codification of the common-law "tender years exception," allows a child's hearsay statement regarding sexual assault to be admitted in certain circumstances. *Douglas*, 496 Mich at 573. The rule provides in relevant part:

A statement describing an incident that included a sexual act performed with or on the declarant by the defendant or an accomplice is admissible to the extent that it corroborates testimony given by the declarant during the same proceeding, provided:

(1) the declarant was under the age of ten when the statement was made;

(2) the statement is shown to have been spontaneous and without indication of manufacture;

(3) either the declarant made the statement immediately after the incident or any delay is excusable as having been caused by fear or other equally effective circumstance; and

(4) the statement is introduced through the testimony of someone other than the declarant.

If the declarant made more than one corroborative statement about the incident, only the first is admissible under this rule.

A statement may not be admitted under this rule unless the proponent of the statement makes known to the adverse party the intent to offer the statement, and the particulars of the statement, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet the statement. [MRE 803A.]

During trial, the prosecutor had the following exchange with the victim's mother.

*Q*. Okay. Did [the victim] ever indicate to you what the issue was? What had happened?

*A*. Yeah, she did.

*Q*. How did she do that?

*A*. Um, she very, very vividly told me that [defendant] touched her. And she didn't—she did [sic] say the words. She pointed.

*Q*. What did she point towards?

*A*. She pointed to her what we as her mom and dad refer to her as her private parts.

*Q*. And what are private parts?

*A*. It would be her vagina, her vaginal area.

On cross-examination, defense counsel had a similar exchange with the victim's mother.

*Q*. Okay. And then at some point, you ended up taking [the victim] into the bathroom into a private area so you could talk to her?

*A*. Correct.

*Q*. And she indicated to you by pointing to her right knee that something had happened.

*A*. No.

*Q*. What did she say?

*A*. She pointed to her vaginal area.

*Q*. Okay. Did she say anything to you?

*A*. Yes.

*Q*. What did she say?

*A*. She said that [defendant] had touched her private parts. In those exact not words, she said [defendant] touched me here, and pointed—dropped her head and pointed to her vaginal area.

Defendant asserts that the victim's statements were inadmissible because he did not receive notice and because the statement was not spontaneous and may have been coached by her father. It is not in dispute that the statement was inadmissible because defendant was not given prior notice. Because of this, defendant argues that the Court should reverse and order a new trial.

In *Douglas*, our Supreme Court upheld the grant of a new trial based on errors made by both the trial court and the defense counsel regarding the introduction of inadmissible hearsay in a child sexual abuse case. *Douglas*, 496 Mich at 566, 589. There, the child disclosed abuse to her mother and then subsequently disclosed abuse to a forensic interviewer. *Id*. at 562. Over the defense counsel's objection, both the child's mother and the forensic interviewer were permitted to testify about the child's hearsay statements and a videorecording of the child's forensic

interview was played for the jury. *Id*. at 563. The prosecution had no physical evidence or third-party witnesses to corroborate the child's claim and built its case around the credibility of the child's statements, both in-court and out-of-court, and the unreliability of the defendant's denials. *Id*. at 567. The defense similarly focused on the child's disputed credibility and the motivation of the child's mother to fabricate the abuse. *Id*. at 571-572. On appeal, the defendant argued that the forensic interviewer's testimony about the child's statement and the video of the interview were inadmissible under MRE 803A and constituted an error warranting reversal. *Id*. at 565-566. The *Douglas* Court agreed, and in making that determination considered the "nature of the error in light of the weight and strength of the untainted evidence," and it recognized that in a "pure credibility contest" such "evidence may tip the scales against the defendant." *Id*. at 579-580 (quotation marks and citations omitted). In the absence of third-party witnesses or physical evidence, the inadmissible hearsay "added clarity, detail, and legitimacy" to the child's account, significantly bolstering her credibility, and warranting a new trial. *Id*. at 581. Therefore, the Court held that the trial court abused its discretion by admitting the cumulative testimony, which was an error that undermined the reliability of the verdict. *Id*. at 579.

Defendant argues for a similar outcome, asserting that his case is another example of a "credibility contest" and that "[i]f the hearsay statement had not been introduced it is probable that the jury would not have found guilt beyond a reasonable doubt." However, there are significant differences between *Douglas* and defendant's case. Unlike *Douglas*, where there was no third-party witness to back-up the victim's claim, *Douglas*, 496 Mich at 567, the victim's testimony in this case was corroborated by her father's eyewitness account. Moreover, the statements made by the victim's mother were relatively short in comparison to the testimony of the forensic interviewer in *Douglas*, who was qualified as an expert, repeated the child's statements multiple times, and stated her opinion that the child had not been coached. *Id*. at 569-570. Additionally, the victim's mother did not meaningfully add "clarity, detail, and legitimacy" to the victim's account, *Id*. at 581, because on the stand the victim gave essentially the same statement. The victim testified that defendant was "touching like [her] panties" and said that her "panties" area is her "private parts" that she uses "to go to the bathroom." Notably, defendant also gave an incriminating interview where he admitted that he touched the victim "just barely" inside "her shorts area." Altogether, this was not a "pure credibility contest."

Furthermore, in *Douglas* the trial court overruled the defense counsel's objections and allowed the inadmissible hearsay in without reservation. *Id*. at 569. Here, the trial court instructed the jury to disregard the hearsay. "Jurors are presumed to follow instructions, and instructions are presumed to cure most errors." *People v Petri*, 279 Mich App 407, 414; 760 NW2d 882 (2008). A mistrial is only appropriate when "an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial" is present. *Schaw*, 288 Mich App at 236 (citation omitted). Here, the trial court did not abuse its discretion in denying defense counsel's motion because the instruction cured the prejudice of the statement.

Defendant also argues that he was denied his right to the effective assistance of counsel because his attorney failed to object to the statement and there is a reasonable probability that he would not have been convicted if he did. However, "[e]ffective assistance of counsel is presumed," and "[t]he defendant bears a heavy burden of proving otherwise." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009) (quotation marks and citation omitted). In order to establish ineffective assistance of counsel, a defendant must show that " 'counsel's

-4-

representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Defendant fails to explain how his counsel's performance was unreasonable or how the outcome of the proceeding would have been different. Although not made instantaneously, defense counsel did eventually record an objection, move for a mistrial, and request a curative instruction. In seeking these remedies, defense counsel's representation was not "outside the wide range of professionally competent assistance." *Vaughn*, 491 Mich at 670 (quotation marks and citation omitted). Further, even if counsel had objected as the statement was uttered, the trial court's ruling evidences that it believed that a curative instruction was adequate to cure any prejudice. It is likely that the trial court would have issued a curative instruction regardless of when defense counsel objected to the statement; therefore, defendant cannot show that the outcome of the proceeding would have been different. *Id*. at 670-671.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his conviction must be reversed because he was denied the effective assistance of counsel. We disagree. Defendant did not preserve this claim so we review it for "errors apparent on the record." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

"To prevail on a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different." *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999).

Defendant first argues that trial counsel was ineffective for failing to request a jury instruction for the lesser crime of attempted CSC-II, asserting that the evidence only supported a finding that he touched the victim's leg and stopped when her father entered the room. When requested, a trial court must instruct the jury on necessarily included lesser offenses. *People v Reese*, 242 Mich App 626, 629; 619 NW2d 708 (2000). "A necessarily included lesser offense is one that must be committed as part of the greater offense; in other words, it would be impossible to commit the greater offense without first having committed the lesser." *Id*. at 629-630. However, attempt, although it may be a cognate lesser offense, is not the same as a necessarily included offense because "the elements of attempt are not duplicated in the completed offense." *People v Adams*, 416 Mich 53, 57-58; 330 NW2d 634 (1982). Attempted CSC-II is not a necessarily lesser included offense of CSC-II.

Presuming that he was entitled to an instruction on attempt, defendant asserts that defense counsel's "all or nothing" strategy was unreasonable and ineffective. He erroneously points to *People v Stapf*, 155 Mich App 491; 400 NW2d 656 (1986), for support. In *Stapf*, the defense

attorney repeatedly suggested that the defendant charged with kidnapping/attempted kidnapping was only guilty of assault and battery. *Id*. at 497-498. The defendant admitted that he had assaulted and battered the victim. *Id*. at 498. The Court was unable to ascertain from the record whether the defendant's counsel properly requested the lesser crime's instruction and held that if he failed to do so it would "raise a question as to the adequacy of defendant's representation at trial." *Id*. at 498-499. The Court explained that

> if . . . defendant's trial attorney failed to request the assault and battery instruction when his theory of the case was that defendant was guilty of nothing more than assault and battery, then a factual determination must be made by the trial court as to whether a serious mistake was made by defense counsel rendering his performance below that of a lawyer with ordinary skill and training in criminal law and depriving defendant of a reasonable chance of acquittal, or, in this case, conviction on the lesser included misdemeanor. [*Id*. at 499-500.]

Therefore, the Court found that a remand to the trial court was necessary. *Id*. at 499.

*Stapf* is distinguishable from the instant case. It is evident from the record that defense counsel's strategy was to instill reasonable doubt regarding the victim's and her father's perceptions of the incident and to convince the jury that defendant was innocent of wrongdoing. Unlike the defendant in *Stapf*, defendant in this case did not openly admit to the lesser crime of attempted CSC-II. The defense theory was that the abuse did not occur or was a misunderstanding, and an instruction on attempt would have severely undermined that theory. The evidence in this case was not overwhelming and rested on the testimonies of the young victim, her father and an admission from defendant that he touched the victim's leg inside of her shorts. If the jury did not find the victim or her father credible, acquittal was a reasonable possibility. This Court has held that "all or nothing" defenses can be "a legitimate trial strategy," *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982), and defendant has not overcome the strong presumption that counsel's strategy was sound. *Rockey*, 237 Mich App at 76-77.

Defendant also argues that trial counsel was ineffective for failing to challenge Juror T and Juror G on the basis that they had familial ties to victims of sexual assault. "[A] criminal defendant has a constitutional right to be tried by an impartial jury." *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008), citing US Const, Am VI and Const 1963, art 1, § 20. "Jurors are presumptively competent and impartial, and the party alleging the disqualification bears the burden of proving its existence." *People v Johnson*, 245 Mich App 243, 256; 631 NW2d 1 (2001). The impaneling of a jury is governed by MCR 2.511, which allows for a juror to be excused either for cause, or through a peremptory challenge. See also MCR 6.412(D). MCR 2.511(D), provides, in relevant part, that a juror may be challenged for cause if the person

> (1) is not qualified to be a juror;
>
> (2) is biased for or against a party or attorney;
>
> (3) shows a state of mind that will prevent the person from rendering a just verdict . . . ;

(4) has opinions or conscientious scruples that would improperly influence the person's verdict[.] [MCR 2.511(D).]

When "a ground for challenging a juror for cause is present, the court on its own initiative should, or on motion of either party must, excuse the juror from the panel." MCR 6.412(D)(2).

During voir dire, Juror T disclosed that his uncle served time in prison for sexually assaulting his cousin, but he did not "know the details of it." Later, Juror G disclosed that her husband had been the victim of sexual assault at a young age. Both Juror T and Juror G ultimately served on the jury.[1] When they disclosed their respective relationships, the trial court questioned them on their ability to be fair and impartial, asking them if their experiences would affect the way they weighed evidence, if they had a negative view of the justice system, and if they would be able to impartially judge defendant. Although defendant argues that "additional inquiry" was necessary, he fails to explain what other questions should have been asked. Defendant has failed to carry the burden of proving that each juror was not "competent and impartial." *Johnson*, 245 Mich App at 256. Since there is no indication that either juror was biased, defense counsel's decision not to further probe the jurors did not fall "below an objective standard of reasonableness." *Vaughn*, 491 Mich at 669 (quotation marks and citation omitted). Therefore, his claim of ineffective assistance of counsel must fail.

Next, defendant argues that trial counsel was ineffective because he did not call the victim's grandfather—defendant's friend—to testify about an alleged motivation for the victim's father to fabricate the allegations. First, defendant gave only cursory treatment to this issue in his appellate brief. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment of an issue with little or no citation of supporting authority." *Matuszak*, 263 Mich App at 59 (quotation marks, citation, and alterations omitted). "Such cursory treatment constitutes abandonment of the issue." *Id*. Second, without an affidavit from the grandfather, defendant has failed to establish that his testimony would have been favorable. A defendant must establish the factual predicate for his ineffective assistance of counsel claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Moreover, whether to call a witness is a matter of trial strategy and this Court will not substitute its judgment in matters of trial strategy. *Rockey*, 237 Mich App at 76. Thus, defendant has failed to establish his claim of ineffective assistance.

## C. PROSECUTORIAL MISCONDUCT

Next, defendant argues that his right to a fair trial was violated when the prosecutor made a comment to the jury meant to invoke sympathy. During the rebuttal closing argument, the prosecutor said: "[i]n order to start the healing process, [the victim] needs justice. Justice is finding the Defendant guilty of criminal sexual conduct in the second degree, because he is guilty." Defendant's counsel did not object to the comment and therefore, our review is limited to plain error affecting substantial rights. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). "Reversal is warranted only when plain error resulted in the conviction of an

---

[1] Three other jurors with closer ties to sexual assault victims were excused.

actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 475-476 (quotation marks and citation omitted).

"Generally, prosecutors are accorded great latitude regarding their arguments and conduct." *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (quotation marks, citation, and alteration omitted). But "[a] defendant's right to a fair trial may be violated when the prosecutor interjects issues broader than the guilt or innocence of the accused." *People v Rice (On Remand)*, 235 Mich App 429, 438; 597 NW2d 843 (1999). "Prosecutorial comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial." *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). "A prosecutor may not appeal to the jury to sympathize with the victim." *People v Unger*, 278 Mich App 210, 237; 749 NW2d 272 (2008).

In *Unger*, this Court found that a prosecutor had "exceeded the bounds of proper argument" when the prosecutor appealed to the sympathies of the jury by suggesting that the defense counsel had "re-victimized" the victim during the trial. *Id*. Despite the impropriety of the statement, this Court noted that "the comments were relatively brief" in the context of the trial, and were unlikely to have "deflect[ed] the jury's attention from the evidence presented in [the] case." *Id*. Furthermore, "at the conclusion of trial, the court instructed that jury that "[t]he attorneys' statements and arguments are not evidence[,]" which we found was sufficiently curative because "jurors are presumed to follow their instructions." *Id*. Finally, because this Court found that "a timely objection and curative instruction could have alleviated any prejudicial effect," the defendant was not denied a fair trial. *Id*.

On the other hand, in *People v Dalessandro*, 165 Mich App 569, 578; 419 NW2d 609 (1988), this Court found that the evocation of the jury's sympathies for a victim, among other things, warranted a new trial. In *Dalessandro*, the prosecutor repeatedly referred to the victim as a "little innocent baby," a "totally innocent little baby," and a "pitiful little ten month old child." *Id*. at 580-581. We explained that, "[b]y constantly referring to 'the poor innocent baby,' the prosecutor was injecting the element of sympathy for [the victim] in the case" and was "obviously intend[ing] to elicit . . . [a]n emotional response." *Id*. at 581. The injection of sympathy by the prosecutor, the prosecutor's insinuation that the defense counsel was purposely misleading the jury, and the introduction of impeachment evidence as substantive evidence lead the Court to find that a new trial was warranted. *Id.* at 578-582.

Here, the improper comment made by the prosecutor is more like that in *Unger* than in *Dalessandro*. The statement was relatively brief and came at the very end of the prosecutor's rebuttal. This is like the brief comment in *Unger*, where the prosecutor suggested that the victim was "re-victimized" at trial, *Unger*, 278 Mich App at 237, and less like the multiple sympathy-provoking references to the "innocent baby" in *Dalessandro*, 165 Mich App at 580-581. Additionally, the trial court gave the jurors the instruction to "not let sympathy . . . influence" their decision and that "[t]he lawyers' statements and arguments are not evidence" so they should only accept what the lawyers said if supported by the evidence or common sense and general knowledge. This was the same instruction given to the jury in *Unger*, which this Court noted was sufficient to cure the error. *Unger*, 278 Mich App at 237. Finally, just as in *Unger*, the trial court could have given a curative instruction if defendant's counsel had timely objected, which would have remedied any prejudicial effect. *Id*. at 237. This Court will not reverse when the

prejudicial effect of a prosecutor's comment could have been alleviated by a curative instruction. *Id*. at 238. While the comment was improper, it was far from outcome determinative in the context of the testimony and evidence submitted at trial and it does not constitute plain error warranting reversal. *Bennett*, 290 Mich App at 475-476.

Defendant also argues that defense counsel was ineffective for failing to object to the sympathy-invoking statement in the prosecutor's closing. Although counsel may have been deficient in failing to object and obtain a curative instruction, defendant has failed to explain how *but for* defense counsel's failure to object to two sentences in the prosecutor's closing argument he would not have been convicted. Defendant cannot establish prejudice, and therefore, cannot show that he was denied the effective assistance of counsel. *Id*.

## D. SENTENCING

Defendant argues that he is entitled to resentencing because his prior record variable (PRV) 5 was erroneously scored. We agree.

"This Court reviews a trial court's scoring decision under the sentencing guidelines to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score." *People v Anderson*, 298 Mich App 178, 181; 825 NW2d 678 (2012) (quotation marks and citation omitted).

PRV 5 is assessed 20 points when the offender has seven or more prior misdemeanor convictions or prior misdemeanor juvenile adjudications. MCL 777.55. It is assessed 15 points when the offender has five or six priors. MCL 777.55. However, misdemeanor convictions or prior juvenile adjudications are only counted "if it is an offense against a person or property, a controlled substance offense, or a weapon offense," MCL 777.55(2)(a), or if they are misdemeanor convictions and prior misdemeanor juvenile adjudications "for operating or attempting to operate a vehicle . . . while under the influence of or impaired by alcohol, a controlled substance, or a combination of alcohol and a controlled substance." MCL 777.55(2)(b).

Defendant admits, and his presentence investigation report (PSIR) reflects, that he has "at most" five qualifying prior misdemeanor convictions. Therefore, PRV 5 was improperly assessed 20 points instead of 15 points. MCL 777.55. The prosecution concedes this error. Accordingly, resentencing is required because the error affected defendant's appropriate guidelines range. *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006) ("It would be in derogation of the law, and fundamentally unfair, to deny a defendant . . . the opportunity to be resentenced on the basis of accurate information.") Defendant's minimum guidelines range, with the erroneous PRV 5 score, was calculated at 19 to 38 months; however, his correct sentencing guidelines range is 12 to 24 months. MCL 777.64. The trial court's sentence suggests an intention to sentence defendant at the top of the minimum guidelines range, and had the trial court been working with the appropriate guidelines this would have been 24 months instead of 38 months. MCL 777.64. Accordingly, we remand to the trial court for resentencing. Although the prosecution argues that defendant's sentence remains reasonable, "requiring resentencing in such circumstances . . . respects the defendant's right to be sentenced on the basis of the law,

[and] respects the trial court's interest in having defendant serve the sentence that it truly intend[ed]." *Francisco*, 474 Mich at 92.

Defendant also argues that he received ineffective assistance of counsel because defense counsel failed to challenge the scoring of PRV 5. Because his challenge to the scoring of PRV 5 is meritorious and requires a remand for resentencing, this Court need not address his ineffective assistance claim on the same issue. *People v Phelps*, 288 Mich App 123, 142; 791 NW2d 732 (2010), overruled on other grounds by *People v Hardy*, 494 Mich 430, 438 n 18; 835 NW2d 340 (2013).

Defendant next argues that there were mitigating factors present to support a lower sentence. There is no indication that the trial court did not consider defendant's age and health problems, his military service, or his lack of assaultive criminal history; all of this information was contained in defendant's PSIR. Furthermore, in light of this Court's remand defendant is free to further advocate for those mitigating factors at resentencing.

Defendant finally argues that an opinion statement in his PSIR should be amended or deleted by the trial court. However, by statute a PSIR must include, among other things, "[a]n evaluation of and a prognosis for the person's adjustment in the community . . . ." MCL 771.14(2)(a). Defendant does not address this statute or provide a basis for his argument that the preparer's opinion should not be included in the PSIR. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims . . . ." *Matuszak*, 263 Mich App at 59 (quotation marks and citation omitted).

We affirm defendant's convictions, vacate defendant's sentence, and remand for resentencing. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Patrick M. Meter
/s/ Stephen L. Borrello